OPINION OF THE COURT
Ira Gammerman, J.
Petitioner, formerly a patrolman with the New York City Police Department, brings this CPLR article 78 proceeding to annul respondent’s determination dismissing petitioner from the police force, on the grounds that his dismissal was arbitrary and capricious and denied him due process of law and equal protection under the Federal and State Constitutions.
Petitioner was appointed as a patrolman on September 2, 1980. He had received an above-standard evaluation at the police academy and had a good record from the time of his appointment. Less than one month after his assignment to routine patrol duty, while still a probationer, petitioner was involved in an incident in which he drew his revolver and pointed it at an unidentified civilian. Petitioner has at all times asserted that this action was unintentional; however, he was charged with having drawn his revolver wrongfully and without just cause and was held *591 guilty of the charge after a department hearing. The hearing officer’s decision recommended dismissal, stating in part that petitioner’s misconduct which occurred only a month after graduation from the police academy demonstrates that he is quick to anger and lacks the necessary self-control demanded by the constant daily challenges and tests of authority to which a police officer is subjected. On January 8,1982, after the expiration of petitioner’s probationary term, he was dismissed from the Police Department by the Police Commissioner.
Although petitioner disputes certain factual determinations made by the hearing officer, the thrust of such argument and of the entire petition is that the penalty of dismissal was shockingly disproportionate to the charge of which petitioner was found guilty and totally unjustified in the light of petitioner’s record and character. Additionally, petitioner alleges that the penalty was unfair when compared to the treatment of other police officers who under allegedly similar or more serious circumstances, were permitted to remain in service. In support of his allegations petitioner submits, inter alia, 12 character testimonials by members of his community and a list of recent disciplinary cases involving infractions in the use of firearms by police officers, such as, e.g., “wrongfully discharging warning shots” and “threatening to shoot female”, which shows penalties consisting, typically, of suspension, placement on probation and/or forfeiture of vacation time. In most of these cases, the disposition was “guilty”; in some the charges were merely filed. Thus, the penalty of dismissal is in this case so unfair, reasons petitioner, as to be arbitrary, capricious and contrary to his rights under the Federal and State Constitutions.
Respondent maintains in its answer that the disciplinary cases submitted by petitioner are “selections” which, because they are taken from a mere listing, do not disclose factual circumstances, and furthermore, have no bearing on the instant proceeding. Furthermore, respondent maintains, a full administrative hearing was held and substantial evidence supported the hearing examiner’s decision. However, whether substantial evidence supports the decision that petitioner unjustifiably drew his weapon and *592 threatened a civilian is not the issue petitioner has raised herein. Petitioner’s objection concerns “the measure or mode of penalty or discipline imposed” (CPLR 7803, subd 3).
A comparison of punishments imposed by the Police Department in other disciplinary cases is not the standard for deciding whether the penalty in a particular instance is arbitrary and capricious. The standard to be applied is that the punishment must be sc disproportionate to the offense on the facts of this case as to be shocking to one’s sense of fairness (Matter of McDermott v Murphy, 15 AD2d 479, affd 12 NY2d 780). In cases of sanctions for agencies like the police, of paramount importance is the principle that it is the agency, and not the courts, which must justify the quality of their operations (Matter of Pell v Board of Educ., 34 NY2d 222, 235). Here, a probationer just graduated from the police academy engaged in misconduct that suggested lack of the necessary self-control required of a police officer. Petitioner had not yet built a record of self-discipline under stress that would counter the effect of this incident of serious misconduct. Under the applicable standard and in light of these circumstances, despite factors such as a good record at the police academy and an otherwise excellent character, this court finds the penalty imposed by the Police Commissioner to be a justifiable exercise of discretion. Accordingly, petitioner’s application is denied.
Settle judgment dismissing the petition.